# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1619V

| | |
|---|---|
| DEBORA STRADER, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 12, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION ON DAMAGES**[1]

On September 20, 2023, Debora Strader filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on March 7, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 27, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On August 12, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded the following:**

A. A lump sum of **$87,875.25** (representing $67,500.00 for pain and suffering, and $20,375.25 for past lost wages) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

B. A lump sum payment of **$486.40,** representing compensation for satisfaction of the State of California Medicaid lien, in the form of a check payable jointly to Petitioner and:

> Department of Health Care Services
> Personal Injury Program, MS 4720
> P.O. Box 997421
> Sacramento, CA 95899-7421
> Ref.: Debora Strader, DHCS Acct. No. C91818710A-001T

Petitioner agrees to endorse the check to the Department of Health Care Services.

These amounts represent compensation for all damages that would be available under Section 15(a). Proffer at 2-3.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBORA STRADER,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 23-1619V<br>Chief Special Master Corcoran |

**PROFFER ON AWARD OF COMPENSATION[1]**

On September 20, 2023, Debora Strader ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on March 7, 2022.  Petition at 1.

On January 22, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury.  ECF No. 28.  On January 27, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 29.

**I.**    **Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$67,500.00** in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Lost Earnings</u>

Evidence supplied by petitioner documents that she incurred lost earnings related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of **$20,375.25**. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy a Medicaid lien in the amount of **$486.40**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments the State of California has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, suffered on or about March 7, 2022, under Title XIX of the Social Security Act. Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **<u>Form of the Award/Recommended Payments</u>**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

A. A lump sum payment of **$87,875.25** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Debora Strader; and

B. A lump sum payment of **$486.40**, representing compensation for satisfaction of a State of California Medicaid lien, in the form of a check payable jointly to petitioner and:

> Department of Health Care Services
> Personal Injury Program, MS 4720
> P.O. Box 997421
> Sacramento, CA 95899-7421
> Ref.: Debora Strader, DHCS Acct. No. C91818710A-001T

Petitioner agrees to endorse the check to the Department of Health Care Services.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

DATED: August 12, 2025

3